# Seif, Appellant, *v.* Krebs.

*Trusts and trustees—Use of trust property—Power of sale—Marketable title.*

1. A trustee has no power to sell trust property unless such power is conferred upon him by the instrument creating the trust, either by express words or by necessary implication.  Land dedicated to the service of charity and religion is practically inalienable.  The power to sell such land and apply the proceeds to the same uses is exercised in this State under the Act of April 18, 1853, P. L. 503.

2. Where testator gave certain property by will to trustees to establish a hospital, further providing, "the trustees named in the eleventh paragraph of this my will shall be free to make such use of all moneys and other property of every description coming from my estate as will, in the judgment of the majority of them, best and most effectually carry out my wishes in relation to the establishment and maintenance of this hospital," there is no necessary implication of any power of sale in the trustees; they cannot,

therefore, sell a farm which had been left them under the clause above quoted, in order to use the proceeds in building the hospital. To make use of real estate does not mean to sell it.

3. In any event the trustees could not convey a marketable title without application to the court and, therefore, upon a case stated by the trustees against a purchaser to determine whether such marketable title could be conveyed, judgment was correctly entered for the defendant for the amount of earnest money paid by him.

Argued Jan. 21, 1913. Appeal, No. 62, Oct. T., 1913, by plaintiffs, from judgment of C. P. Allegheny Co., Jan. T., 1913, No. 2323, in favor of defendant in case of William H. Seif, William A. Magee, George C. Wilson, Rt. Rev. Cortlandt Whitehead, Rev. David Jones, T. Hart Given, William Flinn, H. S. A. Stewart, John A. Bell, Oliver S. Hershman, Rt. Rev. Regis Canevin, and James M. Magee, Trustees under the last will and testament of Christopher L. Magee, deceased, for the Elizabeth Steel Magee Hospital, v. John G. Krebs. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Case stated.

SHAFER, J., filed the following opinion:

The action is for the purchase money of lands in the County of Allegheny, and from the case stated it appears that the lands in question were the property of the late Christopher L. Magee and passed by his will to the plaintiffs as trustees of the Elizabeth Steel Magee Hospital. By the will of Christopher L. Magee his wife was given a life estate in all his property, and at her death his residence property at Halket and Forbes streets was given to the plaintiffs and their successors, as trustees, to establish on that property a hospital. The will then provides, in the twelfth paragraph, that "the trustees named in the eleventh paragraph of this my will shall be free to make such use of all moneys and other property of every description coming from my estate as will,

in the judgment of the majority of them, best and most effectually carry out my wishes in relation to the establishment and maintenance of this hospital." Among other properties which came to the trustees under this will is the land in question, and the trustees have agreed with the defendant to sell to him, and the defendant has agreed to buy from the trustees, the land in question for $5,750.00, of which $1,750.00 has been paid as hand money. The plaintiffs have drawn up and tendered to the defendant their deed for the land and demanded the balance of the purchase money, and the defendant has refused to accept the same and pay the balance of the purchase money for the reason alleged by him that the plaintiffs are not empowered to sell the land referred to without leave of court under the Price Act, or some act authorizing such a sale.

It is an undoubted rule of the law of trusts that a trustee has no power to sell trust property unless such power is conferred upon him by the instrument creating the trust, either by express words or by necessary implication. The rule is so stated in the 28 Encyclopedia of Law, page 992, and is supported by the cases there cited. As stated in Lewis on Perpetuities, cited in Yard's Appeal, 64 Pa. 95, and again cited in Nauman v. Weidman, 182 Pa. 263, "land dedicated to the service of charity and religion is practically inalienable," and it is there stated that the power to sell land and apply the proceeds to the same uses is exercised in this State under the Act of April 18, 1853, P. L. 503. The case therefore depends on whether or not there can be found in the will of Mr. Magee any necessary implication of a power of sale of the land in question. The words of the will by which it is said that the trustees shall be free to make such use of moneys and other property as will most effectually carry out the wish of the testator in regard to the hospital do not contain any direct power of sale. To make use of real estate does not mean to sell it. It is argued, however, that the implication of the will is

that the trustees may sell any lands that are given them, other than the property at Halket and Forbes streets, on which the hospital is to be erected, for the purpose of using the proceeds to build or maintain the hospital. The property in question being a farm in the same county in which the hospital is to be erected, might well be used for the maintenance of the hospital by renting it and applying the rent for that purpose, or using the produce of the same as supplies for the hospital. In other words, the farm may be used for the benefit of the hospital without being sold. There is therefore no necessary or even cogent implication for a power of sale.

There is another consideration which appears to us to have some force in this connection. The defendant is entitled to a marketable title. If he accepts a deed made by the plaintiffs without the approbation of any court and solely upon the supposed power of sale contained in the will he will have a title as to which there is at least some doubt whether or not it is marketable.

In view of the considerations hereinbefore mentioned, we are of the opinion that the law is with the defendant, and therefore, in accordance with the agreement of the parties, it is ordered that judgment be entered against the plaintiffs and in favor of the defendant for seventeen hundred and fifty dollars.

The court entered judgment in favor of defendant for the sum of $1,750.00. Plaintiffs appealed.

*Error assigned* was the entry of judgment in favor of the defendant.

*W. W. W. Parker*, for appellants, cited: VanWinkle v. Fowler, 52 Hun (N. Y.) 614 (5 N. Y. Supp. 317); Pulpress v. M. E. Church, 48 Pa. 204; Kirkland v. Cox, 94 Ill. 400; Reck's App., 78 Pa. 432; William's App., 73 Pa. 249; Marshall's Est., 138 Pa. 260; Witman v. Lex, 17 S. & R. 88; Josselyn v. Hutchinson, 21 Me. 339; Godfrey v. Humphrey, 35 Mass. 537; Jackson v. Merrill,

6 Johns 185; Fox v. Phelps, 17 Wend. 393; Morrison v.
Semple, 6 Binn. 94; Putnam Free School v. Fisher, 30
Me. 523; Reformed Dutch Church v. Veeder, 4 Wend.
494; Preachers' Aid Soc. v. England, 106 Ill. 125; Mc-
Bride v. Smyth, 54 Pa. 245; Morgan's Est., 9 Pa. C. C. R.
119; Crawford v. Wearn, 115 N. C. 540 (20 S. E. Repr.
724); Patterson v. Stewart, 38 Mich. 402; Grant v.
Whitwell, 9 Iowa 152; Fay v. Fay, 55 Mass. 93; Harvard
College v. Weld, 159 Mass. 114 (34 N. E. Repr. 175);
Boston Safe Dep. & Trust Co. v. Mixter, 146 Mass. 100
(15 N. E. Repr. 141).

*A. M. Simon,* for appellee, cited:. Mercer Home—
Fisher's App., 162 Pa. 232; Nauman v. Weidman, 182
Pa. 263; Penna. R. R. Co. v. Penna. Co. for Ins., &c., 205
Pa. 219; Yard's App., 64 Pa. 95; Hancock's App., 112
Pa. 532; Lippincott's Est., 173 Pa. 368; Bruckman's
Est., 195 Pa. 363.

PER CURIAM, February 24, 1913:
The judgment is affirmed on the opinion of Judge
SHAFER.