## Keefe's Estate

*John W. Cost, L. H. Stern,* and *Francis A. Wolf,* for estate.

TRIMBLE, P. J., August 18, 1941.—Most Rev. Hugh C. Boyle, Bishop of the Diocese of Pittsburgh, has presented a petition praying for the sale of certain real estate devised in fee simple by the will of Ella Keefe, the above decedent, to St. Veronica's Church, Ambridge, Pa.

From 1855 (the Act of April 26, 1855, P. L. 328, sec. 7, as amended, 10 PS §81) until 1935 (the Act of June 20, 1935, P. L. 353) the power of control and disposition of church property was vested in the lay members of the congregation. In Canovaro et al. v. Brothers of The Order of Hermits of St. Augustine, 326 Pa. 76, it was settled that under the Act of 1935, supra, the laity no longer had any right to control or dispose of church property. On page 88 it was said:

"The effect of this statute [the Act of 1935, supra] is to make supreme the internal rules, regulations and usages of religious societies respecting the control of their property. The civil law no longer requires control to vest in lay members, but permits each individual church or society to determine for itself in what authorities this power shall vest. Property control, as well as all other ecclesiastical matters, is now governed by church law, since the impediment imposed thereto by the civil law has been removed. Churches are now no longer differentiated from other voluntary organizations in this respect. The Act of 1935 recognizes the binding effect of the internal laws of religious societies regarding the power of control and disposition of church property." Additional authorities are Post et al. v. Dougherty et al., 326 Pa. 97, Morris v. Featro et al., 340 Pa. 354, and St. George's Roman Catholic Parish, 29 Del. Co. 1.

It is alleged in the petition that the bishop, as ordinary, is the person authorized by the rules, regulations, and usages of the Roman Catholic Church, with the power of disposition and control of church property within the Diocese of Pittsburgh. An article written by Daniel C. Donoghue, "Change in the Civil Law of Pennsylvania Relative to Parish or Religious Properties," reported in The Legal Intelligencer for December 11, 1935 (XCII L. I. 1178), is informative of church regulations on this subject.

Petitioner has submitted himself to the jurisdiction of this court under section 2(a)(4) of the Revised

Price Act of June 7, 1917, P. L. 388, and prays for the conveyance of the land without bond. Under section 13 of the said act, bond is required in all cases where the carrying out of any decree of court involves the receipt of money by the person carrying it out, which bond inures to the benefit of all parties interested. There is no person, corporate or otherwise, who has any controlling interest in the proceeds of the present sale except petitioner. His administration of the fund cannot be questioned by the lay members of the congregation in this court. Consequently he should be exempt from giving security. This is a necessary corollary from the decision in Canovaro et al. v. Brothers of the Order of Hermits of St. Augustine, supra.

Why is the jurisdiction of this court under the Revised Price Act invoked in this case or others like it? Testatrix did not limit the use of the devise made, which was to St. Veronica's Church. The bishop, as ordinary, has the right to control and dispose of church property under the canons of the church which he represents. After reading the Canovaro and Post cases, supra, where the subject of control and disposition of church property is exhaustively reviewed, it is difficult to see the necessity for invoking the Revised Price Act here. We have been referred to Seif v. Krebs, 239 Pa. 423, where it is held that lands dedicated to a charitable or religious use must be sold under the procedure set forth by the Act of April 18, 1853, P. L. 503, the predecessor to the present Revised Price Act. The Act of 1935, supra, removes church property from the ruling in that case. If the bishop had made his deed for the property now ordered to be sold reciting his canonical authority, the title of the grantee could not be questioned because the internal rules, regulations, and usages of the church which he represents are supreme. In my opinion there is no necessity for an order of court to convey the land ordered sold. However, the order of court will place no cloud upon the title.